**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2915
_____

QIANG CHEN,
                            Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(A089-252-003)
Immigration Judge: Honorable Henry S. Dogin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2013

Before:  FUENTES, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: March 20, 2013)
_____

OPINION
_____

PER CURIAM.

     Qiang Chen ("Chen"), a native and citizen of China, entered the United States in

1996 without inspection.  He later married another Chinese national, Ying Chen, and the

couple has had two children.  After being placed in removal proceedings, Chen and his

wife conceded their removability and applied for asylum, withholding of removal, and Convention Against Torture protection based on a fear of returning to China for having violated that country's family planning laws.  In 2008, an Immigration Judge denied the applications for relief after conducting an evidentiary hearing.  The Board of Immigration Appeals ("BIA") dismissed the couple's appeal, and this Court denied their petition for review.  See Ying Chen v. Att'y Gen., 676 F.3d 112 (3d Cir. 2011).

Chen, now proceeding without his wife, filed a motion to reopen with the BIA, claiming that he fears persecution in China because he became a practicing Christian in 2011.  Chen also again expressed fear of persecution for having had two children while in the United States.[1]  The BIA denied the motion to reopen as untimely filed and unsupported by evidence of changed circumstances in China with regard to the treatment of members of unsanctioned religious groups.  Chen timely filed this petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a).  We review the denial of a motion to reopen for abuse of discretion, asking whether the denial was arbitrary, irrational, or contrary to law.  Abulashvili v. Att'y Gen., 663 F.3d 197, 202 (3d Cir. 2011).

Chen does not dispute that he filed his motion to reopen beyond the ninety-day deadline that governs such motions.  See 8 U.S.C. § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of

---

[1] In his opening brief, Chen does not challenge the BIA's refusal to reopen based on his renewed claim that he fears persecution for having violated China's family planning laws.  We therefore deem that issue waived and do not address it further. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202-03 (3d Cir. 2004).

removal."). This deadline is inapplicable, however, if the motion to reopen seeks asylum or withholding of removal "based on changed country conditions arising in . . . the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding" 8 U.S.C. § 1229a(c)(7)(C)(ii). Consequently, to proceed with his motion, Chen had to "(1) produce evidence demonstrating that conditions have changed in [China]; (2) demonstrate that this evidence is material; and (3) establish that the evidence was not available and could not have been presented at the previous proceeding." Abulashvili, 663 F.3d at 202-03. Chen failed to meet these standards.

Preliminarily, the BIA correctly observed that Chen's recent religious conversion – which was the primary focus of his motion to reopen and evidentiary support – constitutes a change in his personal circumstances, not a showing of "changed country conditions" to support a motion filed after the ninety-day deadline. "[W]here an alien intentionally alters his or her own circumstances, knowing that he or she has been ordered removed from the United States, 8 U.S.C. § 1229a(c)(7)(C)(ii) does not properly apply." Khan v. Att'y Gen., 691 F.3d 488, 498 (3d Cir. 2012). Accordingly, Chen's post-removal-order adoption of Christianity, standing alone, could not support the reopening of his removal proceeding.

With regard to evidence of changed conditions in China, Chen asserts that there is "increasing repression of Christians," Pet'r's Br. at 9, and he relies in particular upon a 2010 State Department report as reflecting "an upward trajectory in the repression of

3

Christians since [Chen]'s September 2008 hearing." Id. at 12.

The BIA held that Chen failed to show a material change in country conditions. At the threshold, the BIA noted that Chen did not submit State Department reports or other relevant background evidence to support his motion to reopen. "The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief." Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011). Without offering evidence regarding past and current conditions faced by Christians, or by unsanctioned religious practitioners generally, Chen left the BIA with no meaningful way to compare conditions over time and assess whether they have materially changed since 2008. Chen's failure to provide this basic background evidence supports the refusal to reopen his proceeding.

Notwithstanding Chen's failure to submit background evidence, the BIA took administrative notice of the 2010 State Department report, and it reviewed the 2006 and 2007 reports in the existing record. The BIA determined that "[t]he Department of State reports reflect that members of unsanctioned religious groups have been similarly treated in disparate regions of China since at least the [time of Chen]'s 2008 hearing." A.R. at 887. Chen maintains that the treatment has in fact worsened since 2008, and he offers as support various excerpts from State Department (and other) reports that he now cites for the first time in his brief before this Court. See Pet'r's Br. at 12-16. As mentioned, Chen did not present any of this background evidence, or supporting argument, in his motion to reopen, and he thereby deprived the BIA of a meaningful opportunity to review his contentions in the first instance. Consequently, we agree with the government that Chen

4

"is in no position to now complain about the BIA's evaluation of the key evidence which he failed to provide." Respondent's Br. at 22.

In any event, we are satisfied that the BIA's assessment of the evidence on country conditions is adequately supported, as explained by the government in its brief. See Respondent's Br. at 20-21. We note also that the 2010 State Department International Religious Freedom Report reflects that, "[s]ince 1999, the Secretary of State has designated [China] a 'Country of Particular Concern' (CPC) under the International Religious Freedom Act (IRFA) for particularly severe violations of religious freedom." Restrictions upon religious freedom, therefore, do not appear to be a matter of changed conditions in China, but rather have persisted since before Chen's 2008 hearing. Cf. Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011) (holding that the BIA did not err in denying reopening where "the conditions described have persisted"). Chen asserts that the BIA failed to give adequate consideration to the 2010 report, but again, his motion to reopen made no mention at all of that report, or of the other reports discussed in his brief before this Court. On this record, we discern no error in the BIA's decision.

Chen did support the motion to reopen with a letter that he purportedly received from his father-in-law in China. The BIA rejected this evidence, concluding, inter alia, that the letter did not provide substantial support for Chen's contention that he will be persecuted in China as a result of changed country conditions. The record fully supports this determination. Simply stated, the documents attached to Chen's motion to reopen, including the letter from his father-in-law, fail to address whether there has been any

5

change in conditions with respect to the treatment of members of unsanctioned religious groups. The father-in-law's statement in particular merely relates his experiences after purportedly being arrested for receiving religious materials from Chen; the statement does not evidence changed conditions.

Finally, Chen argues that he made a prima facie showing of his eligibility for asylum. He claims that, if forced to practice his religion in secret in China in order to avoid punishment, he would suffer a form of persecution that entitles him to asylum. Chen suggests that he will be made "to either abandon his religion or practice Christianity clandestinely in order to avoid a constant threat of persecution by the Chinese government." Pet'r's Br. at 23. We lack jurisdiction to address these arguments because Chen never presented them to the BIA. See 8 U.S.C. § 1252(d)(1) (requiring an alien to exhaust all available administrative remedies). Furthermore, the BIA had no cause to address the question of Chen's asylum eligibility because it properly determined that his motion to reopen was untimely and not supported by evidence of changed country conditions. We, therefore, need not reach the issue of whether Chen made a prima facie showing of his eligibility for asylum.

For the foregoing reasons, we will deny the petition for review.